UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUCAS WILLIAMS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SERGIO JIMENEZ, KEVIN C. McCLANAHAN, CARMEN PACHECO, DAWN HILL-KEARSE, and WAVNY TOUSSAINT,<br><br>　　　　Defendant. | Case No. 1:26-cv-00004-DCN<br><br>**INITIAL REVIEW ORDER** |

### I. INTRODUCTION

Before the Court is Plaintiff Lucas Williams's Application to Proceed In Forma Pauperis (Dkt. 1) and Complaint (Dkt. 2). Because the Court finds Williams does not have the ability to pay, the Application is GRANTED. However, because the Complaint currently fails to state a claim, this action is DISMISSED WITHOUT PREJUDICE but with leave to amend.

### II. BACKGROUND

Williams's Complaint, in full, reads:

> 1. Upon information and belief, Defendants conspired with individuals in LT-325749-22/KI, in which the next court

appearance is scheduled for 2/4/26 before Defendant Sergio Jiminez,

2. All defendants conspired together in violation of due process,

3. This court has jurisdiction under federal law.

## PRAYER FOR RELIEF

Plaintiff demands sum [sic] of money to be decided by jury against all Defendants for compensatory damages and punitive damages estimated over $500,000.

Dkt. 2. A short verification follows. Identical complaints have been filed in the District of New Hampshire,[1] the Western District of Oklahoma,[2] the District of Guam,[3] and the Western District of Louisiana,[4] among several others.[5]

### III. LEGAL STANDARD

**A. Application for Leave to Proceed in Forma Pauperis**

By federal law, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security

---

[1] *Williams v. Jimenez*, 2026 WL 300004 (D.N.H. Jan. 12, 2026), *report and recommendation adopted,* 2026 WL 297728 (D.N.H. Feb. 3, 2026).
[2] *Williams v. Jimenez*, 2026 WL 78147 (W.D. Okla. Jan. 9, 2026).
[3] *Williams v. Jimenez*, 2026 WL 146986 (D. Guam Jan. 20, 2026).
[4] *Williams v. Jimenez*, 2026 WL 233855 (W.D. La. Jan. 13, 2026), *report and recommendation adopted,* 2026 WL 231624 (W.D. La. Jan. 28, 2026).
[5] *Williams v. Jimenez*, 2026 WL 233855, at *1 (W.D. La. Jan. 13, 2026) (collecting cases).

for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation modified).

### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to

amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. DISCUSSION

Williams avers that he has $50 in a bank account, earns $1000 per month, and has monthly expenses for food and utilities of $500 each. Dkt. 1. The Court finds that Williams cannot afford to pay the filing fee because requiring him to do so would deprive him of either food or shelter. *See Adkins*, 335 U.S. at 339. Accordingly, Williams's Application to Proceed In Forma Pauperis is GRANTED.

However, Williams's complaint fails to state a claim because it lacks any factual allegations. Although Williams's complaint alleges that "[a]ll defendants conspired together in violation of due process," (Dkt. 2), that is a legal conclusion. To state a claim, Williams must plead facts—what defendants did to conspire, including the agreements they reached and the acts they took under that agreement. *See Iqbal*, 556 U.S. at 677-78. Williams does not plead facts of any kind, let alone facially plausible facts which, if accepted as true, would entitle him to relief. His complaint must, therefore, be DISMISSED. *See* 28 U.S.C. § 1915(e); *see also Lopez*, 203 F.3d at 1129.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. Williams's Application to Proceed In Forma Pauperis (Dkt. 1) is GRANTED.

2. Williams's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE.

3. Williams is GRANTED leave to amend. Any amended complaint must be filed within 21 days of the entry of this Order. Failure to file an amended

complaint within the ordered timeframe will result in the full dismissal of this case with prejudice and without further notice.

DATED: February 23, 2026

_____
David C. Nye
U.S. District Court Judge